IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HECTOR VAZQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-169-A |
| | § | |
| PERRY MOORE, DEA AGENT, FORT | § | |
| WORTH DISTRICT OFFICE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

After reviewing the motion filed by defendant, Perry Moore, ("Moore") to dismiss the complaint for failure to state a claim upon which relief can be granted, the brief in support of such motion, objections of plaintiff, Hector Vazquez, ("Vazquez") in response to the motion, the entire file, pertinent parts of the record in the criminal proceedings that led to this action, and applicable legal authorities, the court has concluded that such motion should be granted.

I.

Background Facts

In a general way, the background facts that led to this
Bivens[1] action are as follows:

Vazquez was named in a one-count indictment filed September
22, 2004, that charged him and other persons with possession of
more than five kilograms of cocaine with intent to distribute.
Moore gave testimony for the prosecutor at the September 22 grand
jury proceeding at which the indictment was returned.   The
cocaine case against Vazquez was tried to a jury on November 8,
2004.   The testimony against Vazquez was, for all practical
purposes, limited to eye-witness testimony of law enforcement
officials who testified that they recognized Vazquez at trial as
one of the persons they personally observed present at the scene
of an aborted cocaine transaction and fleeing from the scene.
Moore was a prosecution witness against Vazquez at the trial.
The jury returned a verdict finding Vazquez guilty of the cocaine
offense.

Vazquez's sentencing based on the cocaine conviction was
scheduled to be conducted on March 4, 2005.   He was facing a life
sentence.   The day before the sentencing was to be conducted, his
attorney filed a motion for new trial based on newly discovered
evidence, consisting of exculpatory statements of a co-defendant

---

[1]By order signed March 10, 2006, in this action, the court ruled
that this action would be treated as an action brought under the
authority of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

who only shortly before the motion was filed had been taken into custody.  At the March 17, 2005, hearing on the motion for new trial, the co-defendant testified that Vazquez had nothing to do with the aborted cocaine transaction, and that another person, who resembled Vazquez, was the one who was involved in the activities the eye witnesses had attributed to Vazquez at Vazquez's trial.

After having heard the motion for new trial, the court concluded that it should be granted.  By order signed April 1, 2005, the court set aside the November 8, 2004, jury verdict, and granted a new trial.  The contents of the memorandum opinion and order signed April 1, 2005, which is reported at United States v. Contreras-Mendoza, 366 F. Supp. 2d 446 (N.D. Tex. 2005), are incorporated herein by reference for a more complaint description of events that occurred between the return of the indictment in the cocaine case in September 2004 and the grant of the new trial.

After the new trial was granted, the government returned to the grand jury on May 3, 2005, and sought a superseding indictment again charging Vazquez with the cocaine offense for which he previously had been tried and the added offense of felon in possession of a firearm in commerce.  Moore testified for the prosecution before the grand jury.  The grand jury declined to re-indict Vazquez of the cocaine offense, but returned a superseding indictment against Vazquez for the firearm offense.

On May 5, 2005, the government moved for dismissal of the September 22, 2004, indictment as to Vazquez.  The motion was granted on May 9, 2005, by an order of dismissal with prejudice.

On June 7, 2005, there was a jury trial on the firearm offense, and on that date the jury returned a verdict finding Vazquez guilty.  On October 7, 2005, Vazquez was sentenced for the firearm offense to a term of imprisonment of 70 months.  He appealed from his conviction and sentence.  On September 25, 2006, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence.  <u>United States v. Vazquez</u>, 2006 WL 2794425, slip op. (5th Cir. Sept. 25, 2006).

II.

<u>Vazquez's Complaint</u>

When the allegations of Vazquez's complaint are read together with his opposition in response to defendant's motion to dismiss, it becomes apparent that all of Vazquez's claims are predicated on allegedly false testimony given by Moore at the September 22, 2004, and May 3, 2005, grand jury proceedings and the November 8, 2004, trial.  He seems to be claiming that were it not for Perry's false testimony he would not have been indicted and convicted for the cocaine offense or the firearm offense.  Vazquez apparently is claiming that he should receive significant damages from Perry because of malicious prosecution related to the indictment and trial for the cocaine offense he says he did not commit and the prosecution and conviction he

4

suffered for the firearm offense of which he still maintains his innocence.

III.

Analysis

The court has concluded that all of Vazquez's claims fail for the reason that Moore is absolutely immune from liability to Vazquez based on testimony Moore gave before the grand jury and at trial. In Briscoe v. LaHue, the Supreme court held that a witness is absolutely immune from liability based on testimony he gives at trial. 460 U.S. 325, 335-36, 345-46 (1983). The Fifth Circuit has said that this rule of absolute immunity is well-established. Castellano v. Fragozo, 352 F.3d 939, 958 (5th Cir. 2003). While, as well as the court can determine, neither the Supreme Court nor the Fifth Circuit has spoken on the subject of whether this rule of absolute immunity extends to grand jury testimony, apparently all courts of appeals that have addressed the subject have concluded that witnesses who testify before a grand jury have the same absolute immunity. See Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 441-42 (6th Cir. 2006). The court has no reason to think that the Fifth Circuit would not join those other circuits when the issue is presented to it for decision. The court concludes that Moore enjoys an absolute immunity from liability to Vazquez based on the testimony about which Vazquez complains.

There is another reason why the motion to dismiss has merit as to the actions taken by Moore in respect to the firearm

offense for which Vazquez was convicted.  Vazquez's complaints as to the firearm offense raise the issue of whether he is guilty of that offense.  Under the holding of the Supreme Court in <u>Heck v. Humphrey</u>, the court cannot entertain those complaints.  512 U.S. 477, 486-87 (1994).  <u>See also</u>, <u>Randell v. Johnson</u>, 227 F.3d 300, 301 (5th Cir. 2000); <u>Sappington v. Bartee</u>, 195 F.3d 234, 235 (5th Cir. 1999).

The court does not need to deal with the other grounds of the government's motion to dismiss to conclude that the motion should be granted.

IV.

<u>Order</u>

For the reasons stated above,

The court ORDERS that the government's motion to dismiss be, and is hereby, granted, and that Vazquez's complaint be, and is hereby, dismissed with prejudice.

SIGNED November 1, 2006.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge

6